IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-249-GMS |
| | ) |
| KENT A. JORDAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Ivan Smith ("Smith"), a federal prisoner being held at the Salem County Correctional Facility, Woodstown, NJ, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.     THE COMPLAINT**

Smith is criminal defendant in a case in this district presided over by the Honorable Kent A. Jordan, Criminal No. 04-CR-011-KAJ. On March 15, 2006, a hearing was held on reconsideration of a motion to suppress. *Id.* at D.I. 36. Smith alleges that during the hearing he requested removal of his defense attorney and that Judge Jordan advised him it would be best to continue with the same attorney and warned him he was making a mistake in choosing not to proceed with his attorney. (D.I. 2 at 3.) Smith alleges he insisted he be appointed a different attorney and that Judge Jordan threatened him that if he did not get along with another attorney,

he would have to proceed *pro se*. Smith alleges that Judge Jordan's actions are prejudicial and that he cannot receive a fair criminal trial before Judge Jordan. He asks for a different judge to preside over the criminal matter.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.    ANALYSIS

Smith filed this suit pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. §1983, Smith must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Judge Jordan is not a "state actor" as that term is defined under § 1983, but is a federal judge in the United States District Court for the District of Delaware. Hence, he is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Accordingly, he is not amenable to suit under § 1983.

Given the fact that Smith proceeds *pro se,* the court will analyze the complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971) which governs claims against a federal defendant. In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Even construing the complaint liberally as the court must do, the claim against Judge Jordan must be dismissed. As is well known, federal judges possess absolute immunity. *Nixon*

*v. Fitzgerald,* 457 U.S. 731, 757 n. 39 (1982). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000); *see also Bradley v. Fischer,* 80 U.S. 335, 347 (1871). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco,* 502 U.S. 9, 10 (1991) (citing *Bradley v. Fisher,* 80 U.S. at 347).

Smith takes exception to actions taken by Judge Jordan in his criminal case. In reading the complaint, it is clear that he complains of actions taken by a district judge acting in his judicial capacity. Judge Jordan has absolute immunity for his actions and, therefore, dismissal is appropriate. The claim against Judge Jordan is both factually and legally frivolous. The complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

IV.     CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted. An appropriate order will be entered dismissing the case

UNITED STATES DISTRICT JUDGE

July 26, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-249-GMS |
| | ) |
| KENT A. JORDAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

At Wilmington this 26th day of July, 2006, for the reasons set forth in the Memorandum issued this date Smith's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE